# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aljaquon Richard Drake, | No. 8:15-cv-04658-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Marian Boulware, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 24), recommending that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R as modified, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background[1]

On December 2, 2008, Petitioner was convicted of two counts of burglary first-degree and sentenced to sixteen years imprisonment on each charge, the sentences to run concurrent. Petitioner filed a direct appeal, and the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences on August 15, 2011, and Petitioner did not seek further review. Petitioner then filed an application for post-conviction relief (PCR) on January 10, 2011, which was dismissed with prejudice. Petitioner's counsel filed a *Johnson* petition for writ of certiorari

---

[1] Neither party objects to the R&R's recitation of relevant procedural background on pages 2-5. The Court adopts this portion of the R&R and only includes a brief summary here.

in the South Carolina Supreme Court, which was denied. Remittitur was issued on October 24, 2014, and filed in the circuit court four days later on October 28, 2014.

Petitioner filed the instant federal habeas petition on November 13, 2015. (Dkt. Nos. 1, 1-3). The Petition raises two grounds for relief:

GROUND ONE: "Trial Judge should not have [found] me guilty one Burglary charge";

GROUND TWO: "Trial Court err[ed] on denial of motion for direct verdict."

(Dkt. No. 1 at 5, 7).

The Magistrate Judge found that the Petition was untimely and recommended granting Respondent's motion for summary judgment. (Dkt. No. 24). Petitioner filed timely objections to the R&R. (Dkt. No. 26). The matter is now ripe for this Court's review.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the

absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### III. Discussion

The Magistrate Judge found that the statute ran on June 15, 2015. (Dkt. No. 24 at 16). The Court finds that the statute ran four days later on June 19, 2015. The Magistrate Judge found that the statute was tolled during the PCR proceeding and began to run again on October 24, 2014, when the Supreme Court of South Carolina issued remittitur in the appeal from the denial of Petitioner's PCR application. (Dkt. No. 24 at 16). This Court recently adopted the reasoning of *Beatty v. Rawski*, 97 F. Supp. 3d 768 (D.S.C. 2015), and held that a South Carolina PCR proceeding is "pending" under Section 2244(d)(2) until remittitur is filed in the circuit court. *Lyles v. Reynolds*, No. 6:15-CV-04229-RMG, 2016 WL 4940319, at *3 (D.S.C. Sept. 14, 2016). Therefore, the statute began to run again on October 28, 2014, when remittitur was filed in the circuit court rather than on October 24, 2014, when remittitur was issued. The Court modifies the R&R to so state. However, this does not change the outcome.

This Petition was filed on November 13, 2015, almost five months after the statute had run. The Court agrees with the Magistrate Judge that equitable tolling is not applicable here. Equitable tolling is only recognized in cases where the petitioner can show that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance prevented him from filing his habeas position in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Recourse to equitable tolling must be guarded and infrequent." *Bogan v. South Carolina*, 204 Fed. App'x 160, 160-161 (4th Cir. 2006). Thus,

"any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 326 (4th Cir. 2000).

In his objections, Petitioner states that the Magistrate Judge did not consider "my incompetence of the law." (Dkt. No. 26 at 2). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner also argues that he relied on his appellate counsel to assist him with preparing any documents necessary for further review, apparently referring to the Magistrate Judge's statement that Petitioner did not seek further review after the South Carolina Court of Appeals affirmed his convictions and sentences on direct appeal. (*See* Dkt. No. 26 at 2; Dkt. No. 24 at 15). However, the Magistrate Judge did not find Petitioner's claims procedurally barred for failure to seek review from the South Carolina Supreme Court on direct appeal; she did not reach this issue.

Therefore, the Court finds no basis for equitable tolling and agrees with the Magistrate Judge that the Petition is untimely.

## IV. Conclusion

For the reasons stated above, the Court ADOPTS the R&R (Dkt. No. 24) as modified, **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 17), and **DISMISSES** the habeas petition with prejudice.

//

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 27, 2014
Charleston, South Carolina

-5-